UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
FIRST HORIZON BANK,

                                       Plaintiff,

    - against -

INTERCONTINENTAL CAPITAL GROUP, INC. and
DUSTIN DIMISA,

                                       Defendants.
-------------------------------------------------------------------------X

Case No.: 23-cv-9380

**COMPLAINT**

       Plaintiff, First Horizon Bank, by its attorneys, Cullen and Dykman LLP, for its complaint against Intercontinental Capital Group, Inc. and Dustin DiMisa, herein, alleges:

## NATURE OF THIS ACTION

       1.    This action relates to defendant Intercontinental Capital Group, Inc.'s ("ICG") default and failure to pay First Horizon Bank ("FHB") the amounts ICG owes FHB pursuant to a Purchasing Credit Card Account Agreement (the "Agreement") entered into by and between ICG and FHB on May 10, 2021. Dustin DiMisa is named because he personally guaranteed ICG's obligations pursuant to a written guaranty.

## PARTIES

       2.    Plaintiff FHB is a Tennessee state chartered bank with its principal place of business located at 165 Madison Avenue, Memphis, Tennessee 38103. FHB is a citizen of the State of Tennessee.

       3.    Upon information and belief, Defendant ICG is a corporation formed and existing under the laws of the State of New York with its principal place of business 265 Broadhollow Rd Suite 220, Melville, NY, 11747. ICG is a citizen of the State of New York.

4. Upon information and belief, Defendant Dustin DiMisa is a natural person and a resident and citizen of the State of New York.

## JURISDICTION AND VENUE

5. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000. Jurisdiction exists under 28 U.S.C. § 1332 by virtue of complete diversity of citizenship between plaintiff, on one hand, and the defendants, on the other hand. Venue is proper under 28 U.S.C. § 1391(a) as one or both defendants reside in the Eastern District of New York.

## FACTS COMMON TO ALL COUNTS

6. On or about May 10, 2021, FHB and ICG entered into the Agreement. A true and correct copy of the Agreement is annexed hereto as Exhibit "A."

7. On or about May 10, 2021, pursuant to the terms of the Agreement, FHB extended to ICG a Purchase Card, pursuant to which ICG could access up to $2,000,000.00 in credit for commercial purchases. The Purchase Card was used by ICG to make purchases and receive cash advances.

8. On or about June 28, 2021, Mr. DiMisa executed and delivered to FHB a Mortgage Warehouse Loan and Security Agreement in his capacity as a personal guarantor of various debts and obligations of ICG including those debts and obligations arising under the Agreement. A true and correct copy of the Mortgage Warehouse Loan and Security Agreement is annexed hereto as Exhibit "B."

9. On or about November 22, 2021, Mr. DiMisa executed and delivered to FHB an Amendment to Mortgage Warehouse Loan and Security Agreement and Master Promissory Note in capacity as a personal guarantor of various debts and obligations of ICG including those debts and obligations arising under the Agreement. A true and correct copy of the Amended Mortgage

Warehouse Loan and Security Agreement and Promissory Note is annexed hereto as Exhibit "C." The Mortgage Warehouse Loan and Security Agreement and the Amendment to Mortgage Warehouse Loan and Security Agreement and Master Promissory Note are referred to herein, collectively, as the "Guaranty."

10. There is presently due to FHB under the Purchase Card $1,954,900.72 plus interest and late fees. Pursuant to the terms of the Purchase Card and Guaranty, the Defendants are also entitled to the fees and costs of collection of the amounts due under the Purchase Card, including attorneys' fees.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract as Against ICG)

11. FHB repeats and realleges the allegations contained in paragraphs "1" through "10," above, as if fully set forth herein. ICG incurred significant charges on the Purchase Card and failed to make the payments required on the Purchase Card pursuant to the terms of the Agreement as and when required.

12. On September 1, 2022, the balance on the Purchase card was $1,954,900.72 and payment was 94 days delinquent. Since September 1, 2022, ICG has failed to make any payments towards the amount due on the Purchase Card.

13. Since September 1, 2022, interest has continued to accrue on the balance of the Purchase Card. Pursuant to the terms of the Agreement, interest accrues on the unpaid balance due at an Annual Percentage Rate equal to the sum of Prime plus 3.9%, with the periodic monthly rate being the corresponding Annual Percentage Rate divided by 12 and rounded to the next lowest ten thousandth percentage point.

14. In addition, pursuant to the terms of the Agreement, ICG is liable for all costs incurred by FHB in proceedings to collect and enforce the amounts owed under the Agreement.

ICG has breached the Agreement by failing to repay FHB the amounts due and owing under the Agreement in an amount to be established at trial, but which exceeds $1,954,900.72.

## SECOND CLAIM FOR RELIEF
(Breach of Contract as Against Mr. DiMisa)

15. FHB repeats and realleges the allegations contained in paragraphs "1" through "14," above, as if fully set forth herein. Pursuant to the terms of the Guaranty, Mr. DiMisa is obligated to pay FHB the amount due FHB pursuant to the Agreement between ICG and FBH.

16. As of September 1, 2022, the balance ICG owed FHB on the Purchase Card was $1,954,900.72. Since that date, interest has continued to accrue on the balance of the Purchase Card this increasing the amount Mr. DiMisa owes FHB pursuant to his Guaranty.

17. In addition, pursuant to the terms of the Agreement and Guaranty, Mr. DiMisa is liable for all costs incurred by FHB in proceedings to collect and enforce the amounts owed under the Agreement and Guaranty. Mr. DiMisa has breached the Guaranty by failing to repay FHB the amounts due and owing under the Agreement in an amount to be established at trial, but which exceeds $1,954,900.72.

## THIRD CLAIM FOR RELIEF
(Account Stated Against Both Defendants)

18. FHB repeats and realleges the allegations set forth in paragraphs "1" through "17." above, as if fully set forth herein. During the period from May 2021 through 2022, FHB sent ICG billing statements reflecting the amount due by the Defendants to FHB.

19. The amounts set forth in those billing statements are reasonable and accurately reflected the funds advanced to or on behalf of the Defendants for goods they purchased and/or funds advanced to them. The Defendants accepted the invoices without objection.

20. The acceptance of the billing statements constitutes the creation of an account stated between the parties. Despite due demand therefore, the billing statements remain outstanding and unpaid.

21. As a result of Defendants' failure to pay the billing statements, FHB has been damaged in an amount to be determined at trial but not less than $1,954,900.72 plus interest from the date of billing statement.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment Against Both Defendants)

22. FHB repeats and realleges the allegations set forth in paragraphs "1" through "21," above, as if fully set forth herein. Because of the foregoing, the Defendants have been unjustly enriched at the expense of FHB.

23. As a result, FHB is entitled to recover on an amount equal to the value conferred on Defendants which is not less than $1,954,900.72 plus interest.

## FIFTH CLAIM FOR RELIEF
### (Money Had and Received Against ICG)

24. FHB repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "23," above, as if fully set forth at length herein. Defendant ICG wrongfully had and received money that rightfully belonged to FHB in the amount of $1,954,900.72.

25. By reason of the foregoing, Defendant ICG is indebted to FHB in the sum of $1,954,900.72, for money it had and received, together with interest thereon, attorneys' fees and the costs and disbursements of this action.

WHEREFORE, First Horizon Bank demands judgment against Defendants as follows:

 (i) on the First Claim for Relief, against Defendant Intercontinental Capital Group, Inc., for breach of contract in amount to be determined at trial but in no event less than $1,954,900.72, plus fees and costs;

 (ii) on the Second Claim for Relief, against Defendant Dustin DiMisa, for breach of contract in amount to be determined at trial but in no event less than $1,954,900.72, plus fees and costs;

 (iii) on the Third Claim for Relief, against both Defendants, for an account stated, in amount to be determined at trial but in no event less than $1,954,900.72, plus fees and costs;

 (iv) on the Fourth Claim for Relief, against both Defendants, for unjust enrichment, in amount to be determined at trial but in no event less than $1,954,900.72, plus fees and costs;

 (v) on the Fifth Claim for Relief, against Defendant Intercontinental Capital Group, Inc., for money had and received, in amount to be determined at trial but in no event less than $1,954,900.72, plus fees and costs; and

 (vi) for such other and further relief as the Court deems just and proper.

Dated: Uniondale, New York
   December 14, 2023

                   CULLEN AND DYKMAN LLP

                By: *Thomas S. Baylis*
                   Thomas S. Baylis
                   333 Earle Ovington Boulevard
                   Uniondale, New York 11553
                   (516) 357-3700
                   Attorneys for Plaintiff
                   First Horizon Bank